# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| THOMAS EDWARD ANDERS, | CASE NO. 10cv1361-MMA(WVG) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER DENYING PETITION FOR WRIT OF ERROR AUDITA QUERELA** |
| UNITED STATES OF AMERICA, | [Doc. No. 1] |
| Defendant. | |

Petitioner Thomas Edward Anders, a federal prisoner proceeding *pro se*, has filed a petition for a writ of error audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651. For the following reasons, the Court concludes that Petitioner is not entitled to issuance of such a writ and **DENIES** the petition.

### DISCUSSION

On June 14, 1995, a jury found Petitioner guilty of conspiracy to distribute methamphetamine; possession of methamphetamine with intent to distribute; and carrying a firearm during the commission of a drug trafficking crime. *See* 3:94-CR-668-R-5, *United States v. Thomas Edward Anders*, Doc. No. 132. On October 20, 1995, Petitioner was sentenced to 420 months in

1  custody.[1] *See id.*, Doc. No. 159.  On February 13, 1997, his conviction and sentence were upheld on
2  direct appeal by the Ninth Circuit in an unpublished decision.  *See id.*, Doc. No. 256.  It does not
3  appear from the record of his criminal case that Petitioner sought further review, either direct or
4  collateral.
5         On June 17, 2010, Petitioner filed the instant petition.  Petitioner essentially requests a
6  re-sentencing pursuant to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220
7  (2005).  Petitioner challenges his sentence, arguing that because the federal sentencing guidelines
8  are no longer mandatory, the Court now has the discretion to grant his motion for a downward
9  departure under 18 U.S.C. § 3553(a).  Petitioner asserts that his sentence is a gross injustice because
10 it is disproportionate to the nature of the crime for which he was convicted, and far greater than the
11 sentences received by any of his five co-defendants.
12        Petitioner's claim is more properly asserted in a motion to vacate under 28 U.S.C. § 2255,
13 rather than in a petition for writ of audita querela under § 1651.  *See Trenkler v. United States*, 536
14 F.3d 85, 97 (1st Cir. 2008) (noting that courts regularly re-characterize as § 2255 motions petitions
15 which seek relief from sentence but are captioned as something else).  However, if the Court
16 construes the petition as a § 2255 motion, Petitioner's motion clearly is untimely.  A motion for §
17 2255 relief must be brought within one year after the prisoner's conviction becomes final, subject to
18 limited exceptions.  *See* 28 U.S.C. § 2255(f).[2]  Here, the record shows that Petitioner's conviction
19 became final in May 1997, and thus the time to file any § 2255 motion expired in May 1998.  The
20 instant petition was filed in June 2010, more than twelve years beyond the expiration of the one-year
21 limitation period.  Thus, if the petition is re-characterized as a § 2255 motion, it is subject to
22 dismissal as untimely under § 2255(f).
23        The Court notes that Petitioner does not necessarily argue that he was entitled to a downward

---

25  [1] Judge John S. Rhoades, presiding, denied Petitioner's motion for downward departure, and sentenced Petitioner as follows: Counts 1, 4 & 5 - Custody of the B/P for 360 months each count to run
26  concurrently to each other; supervised release for 10 yrs each count to run concurrently. Count 6 - custody of the B/P for 60 months run consecutive to Counts 1, 4 & 5; supervised release for 3 years to
27  run concurrently to Counts 1, 4 & 5; penalty of $200.00; no fine.

28  [2] These exceptions do not alter the one-year limitations period – they merely change the starting date of the one-year clock.

1  departure at the time of his sentencing; rather, he asserts that subsequent to *Booker,* Judge Rhoades
2  acquired discretion to downward depart which he previously lacked.  However, this is essentially a
3  claim for retroactive relief under *Booker* from his otherwise final sentence – a claim more properly
4  made under § 2255 rather than under a writ of audit querela – and such relief has been foreclosed in
5  collateral proceedings in this circuit.  *See, e.g., Cook v. United States*, 386 F.3d 949, 950 (9th Cir.
6  2004); *see also, Hewett v. United States*, 372 F. Supp. 2d 585, 591 (D. Haw. 2005) (the holdings of
7  *Booker* and *Blakely* do not provide a basis for tolling the statute of limitations provided for § 2255
8  motions).  Thus, this argument fails, and if the instant petition is re-characterized as a § 2255 motion
9  to vacate, it is clearly untimely and must be dismissed.

10  Even if the petition is not re-characterized as a § 2255 motion, Petitioner is still not entitled
11  to relief.  "At common law, the writ of audita querela permitted a judgment debtor to obtain
12  equitable relief from a legal judgment because of some defense or discharge arising after the entry
13  of the judgment."  *United States v. Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2001) (citing
14  7 Am. Jur. 2d Audita Querela § 1 (1997)).  The common law writ of audita querela remains
15  available today; however, it is only available to federal prisoners "to 'fill the interstices of the
16  federal post-conviction remedial framework.'"  *Valdez-Pacheco*, 237 F.3d at 1079 (quoting *Doe v.
17  INS*, 120 F.3d 200, 203 (9th Cir. 1997)).  The writ is not available "to challenge a conviction or
18  sentence when the prisoner's contentions could otherwise be raised in a motion pursuant to §
19  2255."  *Valdez-Pacheco*, 237 F.3d at 1079-80.

20  Petitioner relies upon the ruling in an unpublished case, *Kessack v. United States*, 2008 U.S.
21  Dist. LEXIS 7739, 2008 WL 189679 (W.D. Wash.), to support his petition.[3]  The Court notes that
22  the *Kessack* decision has not been followed by any of the courts that have subsequently considered

---

24  [3] In *Kessack*, the court considered petitioner Kessack's motion for a writ of audita querela challenging his 30-year prison sentence under the then-mandatory Federal Sentencing Guidelines.
25  Following Kessack's sentencing, the Supreme Court declared that the mandatory Guidelines used in Kessack's sentence were unconstitutional because the Sixth Amendment requires juries rather than judges to find facts relevant to sentencing. *United States v. Booker*, 543 U.S. 220, 245 (2005). The
26  *Kessack* court held that the *Booker* rule can apply retroactively via a writ of audita querela. Because petitioner Kessack was serving a sentence of at least 20 greater than any of his co-defendants, the court
27  believed "a grave injustice is occurring as a result of Mr. Kessack's 30-year sentence." Reasoning that "sentences imposed under an unconstitutional sentencing scheme should, in fairness, be reconsidered,"
28  the court ordered that petitioner Kessack be re-sentenced. *Kessack*, 2008 U.S. Dist. LEXIS 7739, 2008 WL 189679 at *1.

it, and it is inconsistent with the law of this circuit holding that a writ of audita querela is not available for a claim that otherwise falls within the scope of § 2255 relief. *See Carrington v. United States*, 503 F.3d 888, 890 (9th Cir.2007) ("A writ of audita querela is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition.") (citations and footnote omitted).

The writ of audita querela is not available to Petitioner to circumvent the limitations Congress has placed upon prisoners seeking post-conviction collateral relief. *Valdez-Pacheco*, 237 F.3d at 1080. As a general rule, "§ 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir.2000). Because Petitioner's conviction and sentence do not present any truly extraordinary circumstances or inequities, resorting to a petition for a writ of audita querela is improper and unwarranted.

## CONCLUSION

Based on the foregoing, the Court **DENIES** the petition for a writ of error audita querela. The Clerk shall terminate this civil case.

**IT IS SO ORDERED**.

DATED: September 14, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge